031016Lf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

TAMERA MIDDLEKAUF, )
)
Plaintiff, ) No. 14 cv 107 EJM
vs. )
) ORDER
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
Defendant. )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income and supplemental security income benefits. Briefing concluded January 5, 2016. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) failed to properly assess her Residual Functional Capacity (RFC) and failed to properly develop the record. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

Plaintiff was a 45 year old woman at the time of her alleged disability. She filed an application for disability insurance benefits and supplemental disability benefits alleging degenerative bone disease, depression, high blood pressure, and thumb problems. (Tr. 246.)

Plaintiff alleges that there is no treating or examining physician's opinion supporting the ALJ's opinion, and that therefore there is insufficient basis for it, citing Nevland v. Apfel, 204 F.3d 853 (8th Cir. 2000.) To be clear, Plaintiff is not alleging that there is a treating or examining physician's report that is *inconsistent* with the ALJ's opinion, which is the more usual argument, merely that there is no such report *underlying* it. It is true that there is no such treating or examining physician's opinion directly underlying the ALJ's opinion. There are no treating or examining physician's opinions in the record, either way. But there are medical and other sources such that in the court's opinion there is a sufficient basis for the ALJ's opinion and the record was sufficiently developed. Ultimately, the burden of proof is upon plaintiff. Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011).

Plaintiff alleges that the ALJ was required as a matter of law under Nevland v. Apfel, 204 F.3d 853 (8th Cir. 2000 to obtain a treating or examining source medical opinion regarding her ability to perform work-related activities. Nevland does not go that far.

Nevland held that "once a claimant demonstrates that he or she is unable to

do past relevant work, the burden shifts to the Commissioner to prove, first, that the claimant retains the residual functional capacity to do other kinds of work." Id. Nevland goes on to hold that that burden to come forward with evidence must usually be met by "some medical evidence", including but not limited to evidence by a treating or examining medical source. At 857-58. Nevland required the Commissioner to assume the burden of proving in Step five with some medical evidence, presumptively (but not always) a treating or examining medical source, that plaintiff had an RFC that would allow other work that existed in the national economy. Here, the Commissioner has met her burden to come forward with some evidence.

Regarding the mental limitations, there are opinions from staff physicians, plaintiff's own statements and treatment notes of non-testifying treating and examining physicians. Medical opinions from staff physicians Laura Griffith, D.O., and C. David Smith, M.D., support the ALJ's finding concerning plaintiff's RFC. Also, the ALJ noted that plaintiff only followed up at the mental health center once every three months for medication refills, and reported that her depression was well managed by her antidepressants. (Tr. 19.) Impairments that are controlled by treatment do not support a finding of disability. Davidson v. Astrue, 578 F.3d 838, 846 (8th Cir. 2009.) Her treatment notes confirm that plaintiff herself reported that she was doing "Fairly well" on prescribed psychotropic medication. (Tr. 524, also Tr. 530.) Plaintiff even testified under oath at the hearing that she was not

having any problems with concentration, persistence, or pace or other mental limitations. (Tr. 57.) Lastly, her extensive and complex daily activities were inconsistent with mental disability. (Tr. 20, 268-271.) Taken together, this is sufficient to support the finding of no disability due to mental limitations. The ALJ need only ensure the record is sufficiently developed so that he can make an informed decision. Dozier v. Heckler, 754 F.2d 274, 276 (8th Cir. 1985.) Here, there was sufficient medical support for the ALJ's decision to be informed as to mental limitations.

As to physical limitations, both sides agree that the ALJ's main support for his RFC was a 2013 Magnetic Resonance Image (MRI), see Pl. Br. pp. 14-17; Def. Br. pp. 9-13. The MRI was extensive, and did not show severe physical limitations, as the ALJ noted. Plaintiff alleges this was the sole support for the ALJ's findings as to physical limitations, and that this is per se insufficient. But the ALJ did discuss and rely upon other evidence for his finding of no severe physical limitations. He discussed clinical and diagnostic findings (Tr. 24), neurological examination findings (Tr. 404-451), results from a cervical discectomy and fusion (Tr. 564), an extensive physical examination (Tr. 594) and X-rays (Tr. 594), as well as the plaintiff's own self-assessments, where in the record she indicated that she was "doing well" (Tr. 605), and that her neck and shoulder pain had improved "tremendously." (Tr. 610.) Together, this is sufficient to support the ALJ's findings as to physical limitations.

The ALJ properly found that plaintiff's subjective statements were not entirely credible. (Tr. 70-71). Credibility questions concerning a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." Moore, 572 F.3d at 524 (quoting Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001) (internal quotation marks omitted)). The ALJ found plaintiff not fully credible based on her work history, daily activities and treatment record. (Tr. 70). This is supported by the record.

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

March 10, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT